UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDITH N. STRANG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HILLCREST, DAVIDSON, AND ASSOCIATES, LLC,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.3:22-cv-00222<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EDITH N. STRANG ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of HILLCREST, DAVIDSON, AND ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

1

4. Plaintiff is a consumer over the age-of-18.

5. Defendant is a debt collector and limited liability company organized under the laws of the State of Texas. Defendant's principal place of business is located at 715 N. Glenville Dr., Suite 450, Richardson, Texas 75081-2898. Defendant regularly collects from consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect a personal consumer debt ("subject debt") that Plaintiff purportedly owes to Alder.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On December 1, 2021, Defendant mailed or caused to be mailed a collection letter a dunning letter to Plaintiff.

10. Defendant's December 1, 2021 correspondence does not comply with 12 CFR 1006.34, which outlines multiple requirements debt collectors must adhere when sending dunning letters to consumers.

11. For example, Defendant's December 1, 2021 dunning letter does include the charge off date of the subject debt.

12. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

13. Plaintiff has incurred costs and expenses consulting with and retaining her attorney as a result of Defendant's conduct.

14. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

15. Plaintiff was further subjected to deceptive and misleading conduct by Defendant, which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

23. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant's implicitly represented that it did not have to provide Plaintiff with information Plaintiff has a right to obtain in a dunning letter. Defendant's actions only served to worry and confuse Plaintiff.

    b. **Violations of FDCPA § 1692g**

24. The FDCPA, pursuant to 15 U.S.C. §1692g, requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains information regarding a debt.

25. Defendant violated § 1692g through its failure to comply with 12 CFR 1006.34 in multiple ways.

WHEREFORE, Plaintiff, EDITH N. STRANG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2022

Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com